## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:11cv255-GCM

| | |
|---|---|
| JAMES L. ROUDABUSH, | ) |
| | 0 |
| Plaintiff, | ) |
| | ) |
| vs. | )   **O R D E R** |
| | ) |
| THOMAS M. BELK, JR., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, filed May 23, 2011. (Doc. 1.) Also before the Court are Plaintiff's motions to proceed *in forma pauperis*. (Docs. 2 & 7.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.

Plaintiff, who currently is incarcerated in a county jail in New Jersey, appears to allege that between November 5, 2009 and December 5, 2009, a loss prevention officer employed by a Belk Department Store in Fredricksburg, Virginia, contacted an unnamed individual about an unidentified matter, and a Deputy Harrney "responded/investigated." (Doc. 1 at 2.) Warrants

for arrest were obtained by Deputy Harney from Magistrate Jan Walker in Spotsylvania County, Virginia. (Id. at 2-3.) Virginia Commonwealth Attorney William Neely prosecuted Plaintiff. (Id. at 3.) Thomas Belk, acting for Belk, Inc., used his influence to persuade Spotsylvania County officials to prosecute Plaintiff for "a minor criminal act." (Id.) All of the Defendants, including the governors of Virginia and New Jersey, conspired to deprive Plaintiff of his right to a speedy trial. (Id. at 4.) Belk Store, Inc. engages in false advertising. (Id. at 5.) As recompense for these alleged acts, Plaintiff seeks monetary damages and an injunction declaring a Virginia state statute unconstitutional.

Defendants Thomas Belk, identified by Plaintiff as CEO of Belk, Inc., and Belk, Inc., headquartered in Charlotte, North Carolina, must be dismissed because they are not "state actors" and, therefore, are not subject to suit under § 1983. All of the other Defendants are located in Virginia or New Jersey, and none of their alleged acts against Plaintiff occurred within the Western District of North Carolina judicial district. Therefore, venue in this district is not proper. See 28 U.S.C. § 1391(b).[1]

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, the district court "shall dismiss or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The undersigned finds that it is not in the interest of justice to transfer this case to another district. The majority of the Defendants are immune from liability

---

[1] 28 U.S.C. §1391(b) provides that:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

under § 1983, and Plaintiff's factual allegations, to the extent that they are not frivolous, are insufficient "to state a claim to relief that is plausible on its face."[2] Ashcroft v. Iqbal, ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009) (internal quotation and citation omitted); see also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the Twombly/Iqbal plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)). Therefore, Plaintiff's Complaint shall be dismissed. § 1391(a).

**IT IS, THEREFORE, ORDERED** that

1. Defendants Thomas Belk and Belk, Inc. are **DISMISSED** from this case **WITH PREJUDICE** and shall be removed from the caption;

2. Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1406(a);

3. Plaintiff's motions to proceed *in forma pauperis* (Docs. 2 & 7) are **GRANTED**;

4. The payment of the initial partial filing fee is waived;

5. The correctional facility at which Plaintiff is incarcerated shall withhold on a continuing basis each month 20% of the deposits made into Plaintiff's trust account as the deposits are made. At the end of each monthly withholding period, Plaintiff's custodian shall pay the total amount withheld that month to the Clerk, U.S. District Court, so long as the amount then in Plaintiff's trust account exceeds $10.00. If the total funds in the Plaintiff's trust account do not exceed $10.00, the amount withheld shall be accumulated and paid to the Clerk with the amount withheld during the next month. Said payment shall be clearly identified by Plaintiff's name and case number assigned to this action.

6. In the event Plaintiff is transferred to a different correctional facility, the financial responsibility shall be transferred with the inmate to the new correctional facility.

---

[2]According to the PACER Court Locator, a national index for U.S. district, bankruptcy, and appellate courts, the instant Complaint is the forty-seventh of *forty-nine* civil actions that Plaintiff has brought in federal district courts in North Carolina, Virginia, New Jersey, Florida, and the District of Columbia.

7. The mailing address for all payments is:

United States District Court
Room 210 - Pro Se Division
401 West Trade Street
Charlotte, North Carolina 28202
Checks should be made payable to "Clerk, U.S. District Court"; and

8 In addition to Plaintiff, this Order is to be served on the Burlington County Detention Center, PO Box 6000, Mt Holly, NJ 08060, where Plaintiff indicates that he is incarcerated.

Signed: August 8, 2011

Graham C. Mullen
United States District Judge