IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv255-GCM

| | | |
|---|---|---|
| JAMES L. ROUDABUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| THOMAS M. BELK, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to for Reconsideration. (Doc. No. 11).[1]

On May 23, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in which he made a series of conclusory conspiracy-related allegations against the Defendants. (Doc. No. 1). On initial review, the Court dismissed Defendants Thomas Belk and Belk, Inc. with prejudice because they are not state actors under § 1983. (Doc. No. 8 at 2). The Court found that this judicial district is not the proper venue for Plaintiff's Complaint under 28 U.S.C. § 1391(b) because all of the other Defendants are located in Virginia or New Jersey, and none of their alleged acts against Plaintiff occurred within the Western District of North Carolina. (Id.). The Court then dismissed the Complaint, finding that it was not in the interest of justice to transfer it to a judicial district in either New Jersey or Virginia. (Id.)

The Fourth Circuit has recognized three grounds for amending an earlier judgment: (1)

---

[1]Plaintiff does not state which Federal Rule of Civil Procedure he relies upon in bringing his motion for reconsideration. The Court will construe it as a Rule 59(e) motion, as it was filed within the time limits for bring a Rule 59(e) motion and "call[s] into question the correctness of that judgment." MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); accord Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n. 4 (4th Cir. 2011).

"'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Such a motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Pac. Ins. Co., 148 F.3d at 403.

Although he does not say so, it appears that Plaintiff is relying on the third basis for Rule 59(e) relief—preventing "manifest injustice." Plaintiff argues that the Court "misconstrued" his Complaint. In support, he adds new facts and allegations to those already made in the Complaint. A motion under rule 59(e), however, may not be used "to enable a party to complete presenting his case after the court has ruled against him." In re Reese, 91 F.3d 37, 39 (7th Cir. 1996) (citation and quotation omitted), *cited with approval in* Pac. Ins. Co., 148 F.3d at 403.

Plaintiff has not shown any basis under Rule 59(e) for the Court to reconsider its Order dismissing his Complaint. Plaintiff has not shown that there has been an intervening change in controlling law, that he has new evidence that was not previously available, or that the Court committed a clear error of law or that dismissal of his claims will result in manifest injustice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider (Doc. No. 11) is **DENIED**.

Signed: August 19, 2011

Graham C. Mullen
United States District Judge